IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DURWYN TALLEY, # B52081** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Case No.  11-cv-1001-MJR |
| **WARDEN HODGE, et al.,** | ) |
| **Defendants.** | ) |

**ORDER**

**REAGAN, District Judge:**

Plaintiff Durwyn Talley, an inmate currently incarcerated at Western Correctional Center, filed this *pro se* civil rights action pursuant to **42 U.S.C. § 1983**. Talley challenges the conditions he experienced while confined in the segregation unit at Lawrence Correctional Center between May and July, 2011. He alleges that he was physically assaulted while restrained in handcuffs; that various adverse actions were taken in order to retaliate for his protected speech (filing grievances regarding prison conditions); that he did not receive medical treatment for a variety of medical conditions, including severe gastrointestinal reflux disease; and that the length of his segregated confinement was extended following a procedurally defective prison disciplinary proceeding.   Under **28 U.S.C. § 1915A**, the Court is required to conduct a prompt threshold review of the complaint.  The Court applies the same standard under § 1915A as when deciding a motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accepting Talley's allegations as true, the Court finds that he has articulated three  plausible federal causes of action against defendant correctional officers Knop and Kessel:

**Count 1**: that Kessel and Knop used physical force sadistically and maliciously for the purpose of causing harm on or about May 7 and/or July 6, 2011, in violation of the Eighth Amendment's proscription against cruel and unusual punishment;

**Count 2**: that after Talley engaged in protected conduct by writing grievances about the conditions of prison confinement, Kessel and Knop took numerous retaliatory actions in violation of the First Amendment by:
**(a)** physically assaulting Talley,

**(b)** threatening to inflict more harm,

**(c)** writing disciplinary tickets,

**(d)** intimidating a witness,

**(e)** preventing Talley from attending and presenting evidence at a disciplinary hearing,

**(f)** changing Tally's housing assignment to a cell in "B" wing, and/or

**(g)** stealing some of Talley's personal property and legal work;

**Count 3**: that Kessel and Knop deprived Talley of medical care needed to treat serious physical ailments in violation of the Eighth Amendment's proscription against cruel and unusual punishment.

Talley may also be attempting to allege a claim based on the Fourteenth Amendment's due process clause. In order to state a procedural due process claim, Talley must allege facts suggesting that he was deprived of a liberty interest. *See Marion v. Radtke*, **641 F.3d 874, 876 (7th Cir. 2011)**. While Talley alleges that his segregated confinement was extended as after procedurally defective proceedings, this allegation does not plausibly suggest that Talley suffered an "atypical and significant hardship" in relation to the ordinary incidents of prison life. *Sandin v. Conner*, **515 U.S. 472, 486 (1995)(30 days in segregation);** *Hoskins v. Lenear*, **395 F.3d 602, 612 (7th Cir. 2005)(60 days);** *Lekas v. Briley*, **405 F.3d 602, 612 (7th Cir. 2005)(90 days)**. The Court finds that the allegations in Talley's Amended Complaint do not support a plausible due process claim.

The Court has evaluated allegations levied against Warden Hodge, Lt. Stanford, and Lt. Goines and finds no plausible claims of Constitutional deprivation against these defendants. Talley's allegations suggest that Lt. Stanford heard Talley express concerns about physical abuse and failed to propose an effective resolution. Talley alleges that Lt. Goines refused to listen when Talley tried to express concerns and then failed to recognize a conflict of interest when he chose Knop as the officer who would escort Talley to a disciplinary hearing. He alleges that Warden Hodge upheld a decision resolving a grievance about a decision to impose disciplinary sanctions. To be liable, these defendants must have been personally involved in a Constitutional deprivation, meaning that they must have known about the deprivation and facilitated, approved, condoned or turned "a blind eye." **Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)**. The doctrine of *respondeat superior* is not applicable to § 1983 actions. **Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001)**. The allegations in the Amended Complaint do not reasonably suggest that Hodge, Stanford, or Goines were personally involved in causing Talley to suffer a Constitutional deprivation.

**Disposition**

The Clerk of Court shall prepare for defendants C/O Knop and C/O Kessel: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by Talley. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate **responsive pleading to the complaint and shall not waive filing a reply pursuant to 42** U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under Section 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his

application to proceed in forma pauperis has been granted. *See* **28 U.S.C. § 1915(f)(2)(A)**.

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**SO ORDERED: August 10, 2012.**

                                                        s/ **MICHAEL J. REAGAN**
                                                        **MICHAEL J. REAGAN**
                                                        **UNITED STATES DISTRICT JUDGE**