IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DURWYN TALLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11–cv–01001–MJR–SCW |
| | ) |
| C/O COREY KNOP and C/O JAMES KESSEL, | ) |
| | ) |
| Defendants. | ) |

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This case is before the Court on Defendants' Motion for Partial Summary Judgment. (Doc. 33). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT in part and DENY in part** Defendants' Motion for Partial Summary Judgment. (Doc. 33).

### INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Durwyn Talley filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Talley challenges the conditions he experienced while confined in the segregation unit at Lawrence Correctional Center ("Lawrence") between May and July of 2011. District Judge Reagan's threshold review found that the complaint contained at least three plausible federal causes of action against defendant correctional officers Knop and Kessel. Talley alleges that he was physically assaulted in

violation of the Eighth Amendment; that Defendants took numerous retaliatory actions in response to his written grievances in violation of the First Amendment; and Defendants deprived him of medical care needed to treat serious physical ailments in violation of the Eighth Amendment.

The case comes before the Court on Defendants' Motion for Partial Summary Judgment regarding two allegations. Defendants contend that Plaintiff failed to exhaust his administrative remedies with regard to his allegations that Defendants stole his personal property and legal work in retaliation for Plaintiff's filing of written grievances about the conditions of prison confinement **(Count 2(g); Doc. 23, p. 2)**, and Defendants deprived him of medical care needed to treat serious physical ailments **(Count 3; Doc. 23, p. 2)**.

## LEGAL STANDARDS

### 1. Summary Judgment Standard

Summary judgment is proper only if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. ***Dynegy Mktg. & Trade v. Multiut Corp.***, 648 F.3d 506, 517 (7th Cir. 2011) (citing Fed. R. Civ. P. 56(a)). The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits and/or information obtained via discovery—the lack of any genuine issue of material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the Court must view the record in a light most favorable to the nonmoving party. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 255 (1986).

After a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." ***Id.*** at 250 (citing Fed. R. Civ. P. 56(e)). Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party cannot rely on the pleadings, and must respond with specific facts. ***Albiero v. City of Kankakee***, 246 F.3d 927, 932 (7th Cir. 2001). *See also*

*Serednyj v. Beverly Healthcare, LLC*, 656 F.3d 540, 547 (7th Cir. 2011) ("When a summary judgment motion is submitted and supported by evidence . . . the nonmoving party may not rest on mere allegations or denials in its pleadings.").

A Motion for Summary Judgment filed pursuant to *Pavey* typically requires an evidentiary hearing if there are any contested issues regarding exhaustion and a judge may make limited findings of fact at that time. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The case may proceed on the merits only after any contested issue of exhaustion is resolved. *Pavey*, 544 F.3d at 742. In *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey*, 544 F.3d at 740-41. A hearing will not be required, however, where "there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, 649 F.Supp.2d 905, 912 (S.D.Ill. 2009).

2. **Administrative Exhaustion**

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA"). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to satisfy the PLRA's exhaustion requirement is an affirmative defense. *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The Seventh Circuit takes a strict compliance approach to exhaustion; requiring inmates to follow all grievance rules established by the correctional authority. *Hall v. Thomas,* No. 3:10-cv-00633, 2012 WL 1866881 (S.D. Ill. April 3, 2012) (citing *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006)). A prisoner must therefore "file complaints and appeals in the place, and at the time, the prison's rules require." *Pozo v. McCaughtry,* 268 F.3d 1022, 1025 (7th Cir. 2002). But

the PLRA's plain language makes clear that an inmate is required to exhaust only those administrative remedies that are available to him. **42 U.S.C. § 1997e(a).** The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington,* **300 F.3d 829, 833 (7th Cir. 2002).** The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation. *Kaba v. Stepp,* **458 F.3d 678, 684 (7th Cir. 2006).**

3. **Exhaustion Requirements under Illinois Law**

The Illinois Department of Corrections Grievance Procedures for Offenders lays out the process of exhausting administrative remedies. **20 Ill. Admin. Code § 504.810.** Non-emergency grievances should be filed with a prisoner's grievance officers. **20 Ill. Admin. Code § 504.810.** Emergency grievances, however, are reviewed directly by the CAO, who determines whether "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender." **20 Ill. Admin. Code § 504.840.** Once the CAO has informed the grieving inmate of its decision, the inmate may then appeal that decision to the Administrative Review Board ("ARB") on an expedited basis. **20 Ill. Admin. Code § 504.850(g).** A final decision of the ARB will exhaust the grievance requirement.

## FACTS

Plaintiff filed an emergency grievance on July 6, 2011 at Lawrence, marking "Staff Conduct" as the nature of the grievance. In his grievance, Plaintiff stated that after receiving his property pursuant to his cell transfer, he discovered items were missing. The items included Plaintiff's personal property and legal work. Plaintiff further stated that this was a result of retaliation on the part of Defendants Kessel and Knop for Plaintiff's past filing of grievances. In the "Relief Requested" portion of the grievance, Plaintiff requested that the two Defendants be fired **(Doc. 6, Ex. 1, p. 13)**.

The emergency grievance was received at Lawrence six days later on July 12, 2011. Because the grievance was filed as an emergency grievance, it was forwarded directly to the Chief Administrative Officer ("CAO"). Here, the CAO determined that Plaintiff's grievance did not constitute an emergency, and recommended that Plaintiff submit the grievance in the normal manner **(Doc. 6, Ex. 1, p. 13)**.

On or about July 25, 2011, Plaintiff was transferred from Lawrence to Pontiac Correctional Center ("Pontiac") **(Doc. 37)**. Once there, Plaintiff re-submitted the grievance, but this time he did so by submitting directly to the ARB. Plaintiff claims that he submitted the grievance to the ARB on or about August 6, 2011 **(Doc. 37)**. The ARB received the grievance on August 12, 2011 **(Doc. 34, Ex. A)**. The ARB returned the grievance, citing the following reasons: (1) additional information was required in the form of a copy of DOC 0047; (2) the grievance was misdirected as personal property issues are to be reviewed at the prisoner's current facility prior to review by the ARB; and (3) no further redress was available because the grievance was not submitted within the appropriate timeframe **(Doc. 34, Ex. B)**.

As to Plaintiff's claims of denial of medical care, the Chairperson with the Office of Inmate Issues for the Illinois Department of Corrections searched for and could not find any grievance regarding any allegation by Plaintiff regarding the denial of medical care by Defendants **(Doc. 34, Att. 1)**. In his response, Plaintiff attempts to attack the credibility of the chairperson. Plaintiff claims to have grieved this issue on May 10, 2011 as part of his grievance regarding the alleged assault on that date. **(Doc 37, p. 7)**. Plaintiff also claims to have previously submitted this grievance to the Court. **(Doc. 37, p. 7)**. After reviewing the grievances submitted as exhibits in support of the Complaint and the Amended Complaint, the Court notes although Plaintiff submitted a grievance based on the events of May 10, 2011, the grievance addressed the guards' alleged failure to bring him to a hearing on a disciplinary ticket and to acknowledge his hunger strike.

(See Doc. 6-1; Doc. 18). Plaintiff's May 10, 2011 grievance does not mention denial of medical care. (See Doc. 6-1). Plaintiff submitted no other exhibits in support of his Response in Opposition to Defendants' Motion for Summary Judgment.

### ANALYSIS

1. Retaliation

Regarding the ARB's first reason for returning Plaintiff's grievance, because Plaintiff submitted his grievance on an emergency basis, DOC 0047 was neither provided nor required for the ARB's review. Form DOC 0047 is normally provided by the grievance officer who investigated the grievance. *Ward v. Reed*, 2010 WL 3715645 (S.D. Ill., 2010). Here, because Plaintiff filed his grievance on an emergency basis, he bypassed the grievance officer's review, and went straight to the CAO, whose review was contained on Plaintiff's grievance (Doc. 34, Ex. A).

Regarding the ARB's second reason for returning Plaintiff's grievance, the grievance was not misdirected as the issues involved related to staff conduct. Under 20 Ill. Admin. Code § 504.870, "Offenders shall submit grievances directly to the Administrative Review Board when grieving: . . . Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned." Here, the ARB appears to have read the grievance as one of a personal property nature. Personal property issues are properly dealt with at the prisoner's prior facility. 20 Ill. Admin. Code § 504.870. Plaintiff, however, marked the nature of the grievance as "Staff Conduct" (Doc. 34, Ex. A). Plaintiff also did not request that his missing property be returned to him, but instead requested that Defendants be fired (Doc. 34, Ex. A). Plaintiff's summary of his grievance also stated that the conduct he was complaining about was Defendants' retaliation for Plaintiff's past actions (Doc. 34, Ex. A). Given the marked nature of the grievance, the relief requested, and the summary of the conduct underlying the grievance, Plaintiff's grievance was not misdirected.

Regarding the ARB's third reason for returning Plaintiff's grievance, Plaintiff's grievance was filed in the appropriate timeframe. Under 20 Ill. Admin. Code § 504.810, "A grievance shall be filed within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." Plaintiff was within the 60-day timeframe. Appeals, however, must be submitted in writing within 30 days after the date of the prior decision. **20 Ill. Admin. Code § 504.850.** Plaintiff, however, states that he was not submitting the grievance as an appeal **(Doc. 37)**. Rather, he was "following the Administrative Rules governing grievances when transferred" **(Doc. 37)**. That is, Plaintiff was filing the grievance under 20 Ill. Admin. Code § 504.870, which states that "Offenders shall submit grievances directly to the [ARB] when grieving . . . issues that pertain to a facility other than the facility where the offender is currently assigned." Since the grievance involved an incident at Lawrence, and Plaintiff was confined at Pontiac when submitting the grievance to the ARB, Plaintiff's submission was appropriate under 20 Ill. Admin. Code § 504.870.

Even if Plaintiff's grievance was filed as an appeal, the grievance would still have been filed within the appropriate timeframe. Appeals are required "within 30 days after the date of the decision" of the CAO. **20 Ill. Admin. Code § 504.850.** The CAO's decision was dated July 12, 2011, and the grievance was received by the ARB on August 12, 2011, which is technically later than 30 days. However, the appellate "mailbox rule" states that a *pro se* prisoner's notice of appeal is deemed filed on the date on which the inmate deposits the notice in the prison's mail system. *Houston v. Lack*, **487 U.S. 266, 270 (1988).** Plaintiff claims to have submitted the grievance on or about August 6, 2011, which is within the 30-day timeframe **(Doc. 37)**. Defendants have not rebutted this claim. Accordingly, their Motion should be **DENIED**.

2. **Deprivation of Medical Care**

Plaintiff has not responded with specific facts rebutting Defendants' motion as it regards Plaintiff's allegation that Defendants deprived him of medical care. He has not brought to the

Court's attention any grievance filed on May 10, 2011 regarding denial of medical care. As noted before, because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmoving party cannot rely on the pleadings, and must respond with specific facts. *Albiero*, 246 F.3d at 932. Plaintiff has not done so in this case. Therefore, as to this incident, Defendants' Motion should be **GRANTED**.

## CONCLUSION

For the reasons above, the undersigned **RECOMMENDS** that the District Judge **GRANT Defendants' Motion for Partial Summary Judgment** for Plaintiff's claim that Defendants deprived Plaintiff of medical care needed to treat serious physical ailments **(Count 3; Doc. 23, p. 2)**, and **DENY Defendants' Motion for Partial Summary Judgment** for Plaintiff's claim that Defendants stole some of Plaintiff's personal property and legal work **(Count 2(g); Doc. 23, p. 2)**. Counts 1 and 2, therefore, remain pending in this litigation, while Count 3 will be dismissed, if the District Judge accepts this Report and Recommendation. Objections are due within fourteen (14) days or on or before May 13, 2013.

IF THE COURT ADOPTS, THEN

IT IS SO ORDERED.

DATE: April 25, 2013

/s/ *Stephen C. Williams*
**STEPHEN C. WILLIAMS**
United States Magistrate Judge